## Ripley *against* Bull and others.

An assignment made of a debt, with notice to the debtor, by the creditor, to his attorney, in payment of his fees and disbursements in a litigation regarding such debt, is effectual to prevent a set-off against it of a separate and distinct debt due to that debtor from the assignor.

And in such case, it makes no difference, whether the debt assigned and that claimed to be set off have gone into judgment, or are in suit and undetermined.

But this decision, forming an exception to the general principle regarding the assignment of a chose in action, is limited to the assignment of a debt or judgment, by the creditor, to his attorney, as security for his services and disbursements in a suit brought upon the debt, or in which the judgment was rendered.

Our statute of set-off (*Stat.* 50. *tit.* 2. *c.* 1. *s.* 42. ed. 1838.) was merely designed, by allowing set-offs in actions at law, to supersede bills in equity for that purpose.

THIS was a bill in chancery, praying for a set-off.

At the time this bill was brought, there were two separate and distinct actions pending in the superior court in favour of *Charles T. Bull,* one of the present defendants, against *Lucy Ripley,* the present plaintiff; one of which was an action of book debt, and the other an action of account. Both these actions had been referred to auditors, who had heard the parties and made their reports, finding, that in the action of account, there was due from *C. T. Bull* to *L. Ripley* the sum of 964 dollars, 9 cents, and that in the action of book debt, there was due from *L. Ripley* to *C. T. Bull* the sum of 194 dollars, 95 cents.

In the year 1840, the plaintiff and the defendant *Bull* formed a special partnership, under the firm of *Charles T. Bull & Co.,* for the purpose of carrying on the druggist business in the city of *Hartford;* the plaintiff, who was unacquainted with the business, furnishing the capital, and *Bull,* who was a druggist by trade, taking the active management of the concern. In the year 1842, this partnership was dissolved, by mutual consent; and the sum reported by the auditors in favour of the plaintiff was the amount due to her on the final settlement of the partnership business. After the dissolution, the plaintiff took possession of the partnership property, for the purpose of selling it, and applying the avails in payment of the debts; and *Bull* was employed by her,

under a special contract, as her clerk, to act for her in this business. The sum reported by the auditors in his favour, was allowed him as a compensation for his services in that capacity.

Before the decision of the auditors was made known in either of said actions, *Bull* assigned to *Francis Parsons*, Esq. and *Charles Chapman* and *Richard G. Drake*, Esqs., who had been his attorneys in the prosecution of said suits, all claims he might have against the plaintiff; and after the reports of the auditors were published, he made a more particular assignment to them, of which the following is a copy: " For value received, I hereby sell, assign and transfer all my right, title and interest in a claim which I have on book against *Lucy Ripley* of *Hartford*, and on which an action of book debt is now pending in the superior court for *Hartford* county, in my favour against said *Lucy*, to *Francis Parsons* and *Charles Chapman* and *Richard G. Drake* of said *Hartford*, said *Chapman* and *Drake* being partners in business under the name and firm of *Chapman & Drake*, to be applied on the account which said *Parsons* and said *Chapman & Drake* have against me, for fees, charges and disbursements in two suits now pending in the superior court for *Hartford* county; one being the aforesaid action of book debt, and the other an action of account in my favour against said *Lucy;* with power to pursue said book debt to final judgment, and to collect said book debt, and the judgment which may be rendered by said court thereon. *Hartford, October* 26th, 1846.

*Charles T. Bull."*

Of this assignment, as well as of the former one, due notice was, immediately after the dates thereof respectively, and more than two months before the bringing of the present bill, given to the plaintiff. At this time, there was due from *Bull* to the assignees, for moneys paid out and services rendered by them, as such attorneys in said suits, more than the whole sum found due from the plaintiff to *Bull*, including the costs due to him in the book debt action. The plaintiff and *Bull* are both insolvent. The assignees were made parties, defendants, to the present bill.

The case was reserved for the advice of this court, as to what decree should be rendered in the suit.

*T. C. Perkins,* for the plaintiff, contended, 1. That no

judgments having been rendered in the suits between *L. Ripley* and *C. T. Bull,* at the time of the assignment, whereas in *Rumrill* v. *Huntington,* 5 *Day,* 163. and *Benjamin* v. *Benjamin,* 17 *Conn. R.* 110. the claims assigned were judgment debts, those cases are not authoritatively binding on this.

2. That as our statute of set-off, (*a*) by the equity of which, if not by its terms, a party situated as the plaintiff is, has a right of set-off, has been passed since the decision of *Rumrill* v. *Huntington,* that case ought not to controul this; and as *Benjamin* v. *Benjamin* was founded solely on the authority of *Rumrill* v. *Huntington,* in opposition to every other consideration, the superstructure is not stronger than its foundation.

3. That the case of *Benjamin* v. *Benjamin* is distinguishable from this, because in that case there were not mutual debts, such as could be set off. Here the claims sought to be set off grew out of the same business.

4. That aside from the two cases referred to, which are at variance with the decisions in other states, and repugnant to the well established principle, that the assignee of a chose in action (other than negotiable paper,) takes it subject to all the equities which existed against it between the original parties, and therefore, such decisions ought not to be extended, or applied to other cases under different circumstances, there is here a clear case calling for the interposition of a court of equity, to prevent injustice. After applying the debt of *Bull* against the plaintiff, there will be still a large balance due to her from *Bull,* who is insolvent.

*Parsons,* contra, contended, 1. That assigned debts are, by our law, regarded and treated as debts originally due to the assignee. *Stat. of* 1822, *p.* 66. (ed. 1838.) After assignment and notice, the payee cannot discharge a debt, or even withdraw a suit pending in his own name.

2. That the debts in this case are not mutual or connected, so as to give the plaintiff any equitable claim to a set-off; her claim growing out of a settlement of partnership accounts, and *Bull's* being for services rendered by him subsequent to the dissolution. *Francis* v. *Rand,* 7 *Conn. R.* 221. *Bur-*

(*a*) Passed in 1820. See *Session Stat. p.* 420, 1. *Revised Stat. of* 1821, *p.* 43, 4.

*Hartford,*
*June, 1848.*

Ripley
*v.*
Bull.

*rough* v. *Moss,* 10 *B. & Cres.* 558.   (21 *E. C. L.* 128.)
*Robinson* v. *Lyman,* 10 *Conn. R.* 30. 36.   *Stedman* v. *Jillson, Id.* 55.

3. That according to the decision in *Rumrill* v. *Huntington,* 5 *Day,* 163. sanctioned and confirmed in *Benjamin* v. *Benjamin,* 17 *Conn. R.* 110. the assignment by *Bull,* in this case, with notice, will prevent a set-off.   There is a peculiar propriety in applying the principle of those cases to this ; as the assignment by *Bull* was for fees and disbursements in settling the controversy as to the very debts in question.

4. That the assignment in this case is not the less effectual, because the claim which was the subject of it had not then gone into judgment : for the principle regulating set-offs applies to the debt itself, and not to its form—whether by note, book or judgment.   The only question is, can the debt be set off ?   A judgment is only the evidence of a debt.

STORRS, J.   This case is not, in our opinion, distinguishable, in any essential circumstance, from *Rumrill* v. *Huntington,* 5 *Day,* 163. and *Benjamin* v. *Benjamin,* 17 *Conn. R.* 110. and must therefore be governed by those cases.

The plaintiff is precluded from the benefit of any claim or equity, on the ground that there is a connexion between the causes of action for which the suits were brought, in which the reports of auditors are pending ; since it is stated in the finding of the court below, and is indeed obvious, that they are wholly separate and distinct from each other.   Indeed, if the services of the defendant, *Bull,* for which the auditors have reported in his favour, in his action of book debt, were rendered by him as a partner, the plaintiff could have availed herself of that circumstance as a bar to a recovery for them in that suit, and required them to be adjusted in the action of account.

The circumstance, urged by the plaintiff, that in the cases which have been mentioned, the claims sought to be set off had gone into judgment before they were assigned, whereas in the present, they continue in their original state, suits being pending on them, constitutes no essential difference between them, so far as the question before us is concerned.   The decisions in those cases did not proceed at all on the distinction in this respect between judgments and debts of an inferior

nature.   Nor can any reason be discovered why the assign-
ment of the one should be protected, which does not apply to
the other.   A judgment is, indeed, a high species of evidence;
but still it is only evidence of a debt; and a debt, by the ren-
dition of a judgment on it, is not changed so as to affect any
general equities attached to it, although it is elsewhere enti-
tled, for some purposes, to a preference over certain other
debts, which are considered to be of an inferior nature, and
may perhaps here be the foundation of a particular or special
equity, not applicable, however, to the present question.

This case has been attempted to be distinguished from
*Benjamin* v. *Benjamin*, on the ground that in that case there
were not mutual debts, which could be set off, when the
suits were brought on which the judgments sought to be set
off were rendered, the original claim of the defendant in that
case being for a tort, whereas in this case, the claims are
founded on mutual debts which were originally the subjects
of set-off between the parties.   Although there was the same
distinction between *Rumrill* v. *Huntington* and that case, the
latter was not decided on that ground, but avowedly on the
authority of the former, which is precisely like the present, in
this respect.   And there are now the same objections to over-
ruling *Rumrill* v. *Huntington,* as we should do, if we allowed
the set-off claimed in the present case, which existed when
*Benjamin* v. *Benjamin* was decided, and to which we then
felt compelled to yield.

The plaintiff further claims, that she is entitled to relief, by
the equity of our statute of set-off, which has been passed
since the decision of *Rumrill* v. *Huntington.*   That statute,
however, existed, when that case was affirmed in *Benjamin*
v. *Benjamin*, and was not urged or considered as affecting
the decision of the latter case.   It was merely designed, by
allowing set-offs in actions at law, to supersede bills in equity
for that purpose.   It may be further remarked, that if, by
that statute, the plaintiff could, in the action of book debt
against her, have availed herself of the right of set-off which
she now seeks, she had her remedy at law in that action,
which would be a complete answer to the present bill in
equity; and if she could not, it shows that the case was not
embraced by the statute.

It was suggested by the court, in *Benjamin* v. *Benjamin*,

as a consideration why they should not overrule the decision in *Rumrill* v. *Huntington*, that it at most formed an exception to general principles only in a particular case ; by which we intended the case of an attorney claiming an assignment of a debt or judgment as security for his services or disbursements in a suit brought upon the debt, or in which the judgment was rendered : and we meant to be understood, that it would be extended to no other. Indeed, in *Rumrill* v. *Huntington*, the circumstance that the attorney of the plaintiff had, by his services, contributed to the recovery of the judgment against the defendant, seems to have been an important, if not the controuling one, in the view of the court, in coming to their conclusion in that case.

We therefore advise that this bill be dismissed.

In this opinion the other Judges concurred.

Bill dismissed.